UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

JOANNE PEARSON,

    Plaintiff,

CASE NO:  5:16-cv-1159-MKK

vs.

BISON'S OF ALABAMA, INC,

    Defendant.
_____/

### MOTION FOR ENTRY OF DEFAULT FINAL JUDGMENT AGAINST DEFENDANT, BISON'S OF ALABAMA, INC AND SUPPORTING MEMORANDUM OF LAW

COMES NOW Plaintiff, Joanne Pearson, by and through the undersigned counsel and files this Motion for Entry of Default Final Judgment against Defendant BISON'S OF ALABAMA, INC, and in support thereof would show as follows:

1.    On December 13, 2016, the Clerk entered default against Defendant BISON'S OF ALABAMA, INC, for its failure to respond or otherwise defend against Plaintiff's Complaint brought pursuant to the Americans with Disabilities Act (hereinafter referred to as "ADA").

2.    The Affidavit of Plaintiff Joanne Pearson, in support of a final judgment, is attached hereto as Exhibit "A."  Ms. Pearson's testimony indicates that she requires the use of a wheelchair for mobility.  Ms. Pearson has encountered

barriers to access in her previous visits to Defendant's property, and she intends to patronize this facility in the future. Specifically, Ms. Pearson could locate no accessible parking that would accommodate her ramp-equipped vehicle and no wheelchair accessible bathrooms were provided within the facility.

3. The Affidavit of Plaintiff's expert, Gilbert Mobley, is attached hereto as Exhibit "B." Mr. Mobley is a retired architect and currently works as an ADA consultant. Mr. Mobley conducted an inspection of Defendant's facility on January 18, 2017. Mr. Mobley's testimony reflects that the subject property does not comply with the ADA Guidelines for Buildings and Facilities codified at 36 CFR part 1191, appendices B and D. Mr. Mobley's affidavit contains his opinion of what readily achievable modifications should be made to render the property accessible and useable to individuals with disabilities such as Ms. Pearson and the public at large. Mr. Mobley's CV as well as his report containing all data concerning existing conditions at the subject facility, applicable ADA Standards, and recommendations for barrier removal, are attached to his affidavit. It is Mr. Mobley's opinion that the barriers contained in his report can be removed in a readily achievable manner, without much difficulty or expense.

4. The Americans with Disabilities Act defines "discrimination" as the failure to remove "architectural barriers" in existing facilities when the removal of such barriers is "readily achievable." 42 U.S.C. §12182(b)(2)(A)(iv). "[T]he ADA is a remedial statute, which should be broadly construed to effectuate its purpose of

eliminating discrimination against the disabled in our society." Id. at *2 (citing Kinney v. Yerusalim, 812 F. Supp. 547, 551 (E.D. Pa.), aff'd 9 F. 3d 1067 (3d Cir. 1993), cert. denied 511 U.S. 1033, 128 L. Ed. 2d 196, 114 S. Ct. 1545 (1994). In fact, a "public accommodation is flatly prohibited from providing persons with disabilities 'a good, service, facility, privilege, advantage, or accommodation that is not equal to that afforded to other individuals.'" Small v. Dellis, CIV. No. AMD 96-3190, 1997 U.S. Dist. LEXIS 23611 at *12-13 (D. Md. Dec. 18, 1997).

5. Injunctive relief is an available remedy for violations of section 12182(b)(2)(A)(iv) of the ADA. Such relief includes "an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities . . . ." 42 U.S.C. § 12188(a)(2).

6. The Code of Federal Regulations 1) expands on the powers of an individual with a disability to enforce the ADA, 2) sets forth the type of injunctive relief available, 3) provides examples of readily achievable architectural barrier removal, and 4) authorizes the Court to award attorney's fees to the prevailing party. See 28 CFR Part 36:

> Any person who is being subjected to discrimination on the basis of disability in violation of the [ADA] . . . may institute a civil action for preventive relief, including an application for a permanent or temporary injunction, restraining order, or other order.

28 CFR § 36.501(a). This section also specifies the type of injunctive relief available to such a person as follows:

> injunctive relief shall include **an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by the [ADA] or this part**.

28 CFR 36.501(b)(emphasis added).

7. Moreover, 28 CFR § 36.304 specifically requires places of public accommodations such as the facility owned and operated by Defendant to remove architectural barriers in existing facilities to the extent readily achievable. This section sets forth 21 examples of readily achievable steps to remove barriers, many of which are pertinent to the case at bar, though the list is not intended to be exhaustive:

> Examples of steps to remove barriers include, but are not limited to, the following actions:
>
> (1) Installing ramps;
>
> (2) Making curb cuts in sidewalks and entrances;
>
> (3) Repositioning shelves;
>
> (4) Rearranging tables, chairs, vending machines, display racks, and other furniture;
>
> (5) Repositioning telephones;
>
> (6) Adding raised markings on elevator control buttons;
>
> (7) Installing flashing alarm lights;
>
> (8) Widening doors;
>
> (9) Installing offset hinges to widen doorways;

(10) Eliminating a turnstile or providing an alternative accessible path;

(11) Installing accessible door hardware;

(12) Installing grab bars in toilet stalls;

(13) Rearranging toilet partitions to increase maneuvering space;

(14) Insulating lavatory pipes under sinks to prevent burns;

(15) Installing a raised toilet seat;

(16) Installing a full-length bathroom mirror;

(17) Repositioning the paper towel dispenser in a bathroom;

(18) Creating designated accessible parking spaces;

(19) Installing an accessible paper cup dispenser at an existing inaccessible water fountain;

(20) Removing high pile, low density carpeting; or

(21) Installing vehicle hand controls.

28 CFR § 36.304(b).

8. Plaintiff is entitled to have her reasonable attorney's fees, costs and expenses paid by Defendant pursuant to 42 U.S.C. §12205 and undersigned counsel of record for Plaintiff intends to file the requisite fee application following the entry of final judgment in this matter.

9. A proposed Final Judgment is attached hereto as Exhibit "C," which

incorporates the modifications recommended by Plaintiff's expert following his inspection.

WHEREFORE, PREMISES CONSIDERED, Plaintiff, Joanne Pearson, respectfully requests this Honorable Court to issue a Default Final Judgment against BISON'S OF ALABAMA, INC as provided herewith.

Dated this the 11th day of May 2017.

Respectfully submitted,

/s/ Edward I. Zwilling_____
Edward I. Zwilling, Esq.
Ala. Bar No. ASB-1564-L54E

**OF COUNSEL**:
Schwartz Roller & Zwilling
600 Vestavia Parkway, Suite 251
Birmingham, Alabama 35216
Telephone: (205) 822-2701
Email: ewilling@szalaw.com


**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on May 11, 2017 I mailed a copy of the foregoing to the following:

BISON'S OF ALABAMA, INC
C/O Registered Agent- Donald C. Mundy
3605 Afton Brae Drive
Anniston, AL 36203

Bison's of Alabama, Inc.
C/O Registered Agent- Donald C. Mundy
P.O. Box 3538
Oxford, AL 36203

/s/ Edward I. Zwilling
OF COUNSEL