FILED
2017 Jun-02 PM 04:23
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| **JOANNE PEARSON,** } <br> } <br> Plaintiff, } <br> } <br> v. } <br> } <br> **BISON'S OF ALABAMA, INC.,** } <br> } <br> Defendants. } <br> } <br> } | **Case No.: 5:16-cv-01159-MHH** <br> **Hearing SET for June 12, 2017** |

## MEMORANDUM OPINION AND ORDER

On July 14, 2016, plaintiff Joanne Pearson sued defendant Bison's of Alabama, Inc. for discrimination under the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* (Doc. 1). The Clerk of Court entered default on December 13, 2016 because Bison's failed to respond to Ms. Pearson's complaint. (Doc. 9). Ms. Pearson now asks the Court to enter default judgment against Bison's. (Doc. 12). For the reasons discussed below, the Court grants Ms. Pearson's motion for default judgment.

## I. STANDARD OF REVIEW

Federal Rule of Civil Procedure 55 establishes a two-step procedure for obtaining a default judgment. First, when a defendant fails to defend a lawsuit, as in this case, the Clerk of Court may enter a clerk's default. FED. R. CIV. P. 55(a).

Second, after entry of the clerk's default, if the defendant is not an infant or an incompetent person, the Court may enter a default judgment against the defendant because of the defendant's failure to appear or defend. FED. R. CIV. P. 55(b)(2). "A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." FED. R. CIV. P. 54(c).

"A motion for default judgment is not granted as a matter of right." *Pitts ex rel. Pitts v. Seneca Sports, Inc.*, 321 F. Supp. 2d 1353, 1356 (S.D. Ga. 2004) (internal footnote omitted). After a clerk enters a default pursuant to Rule 55(a), the Court must review the sufficiency of the complaint and its underlying substantive merits to determine whether a moving party is entitled to default judgment. *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1370 n. 41 (11th Cir. 1997). The Court must ensure that the well-pleaded allegations in the complaint state a substantive cause of action and that a sufficient basis exists in the pleadings for the relief sought. *Cotton v. Mass. Mut. Life Ins. Co.*, 402 F.3d 1267, 1278 (11th Cir. 2005). In addition to the pleadings, the Court may consider evidence presented in the form of an affidavit or declaration. *Frazier v. Absolute Collection Serv., Inc.*, 767 F. Supp. 2d 1354, 1362 (N.D. Ga. 2011). A defaulting defendant "admits the plaintiff's well-pleaded allegations of fact" for purposes of liability. *Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987) (quoting *Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) (internal quotation marks omitted)).

## II. FACTS & ALLEGATIONS

Ms. Pearson suffers from lupus, multiple sclerosis, and severe nerve damage. (Doc. 12-1, ¶ 2). She relies upon a wheelchair for mobility. (Doc. 12-1, ¶ 2). She drives a van equipped with a wheelchair ramp, and she requires a parking space of at least 16 feet in width. (Doc. 12-1, ¶ 3). Ms. Pearson alleges that shortly before she filed this lawsuit, she visited Bison's Bar & Grill at 8020 Madison Boulevard in Madison, Alabama and "encountered barriers to [her] full, safe and equal access" to the restaurant. (Doc. 12-1, ¶ 3). Specifically, Ms. Pearson alleges that Bison's lacks van-accessible parking spaces with clear signage, that the ramp leading to the main entrance of the restaurant is too steep for a wheelchair user and is situated in such a manner that it could be blocked by a parked vehicle, that the stalls in the restaurant's bathroom are too small for a wheelchair user, and that the soap dispensers and mirrors in the bathroom are positioned too high for a wheelchair user. (Doc. 1, ¶ 11; Doc. 12-1, ¶¶ 3–6).

Ms. Pearson alleges that these conditions violate ADA and that she is entitled to injunctive relief. She asks the Court to enter an order directing Bison's to "alter [its] facilities to make such facilities readily accessible to and usable by individuals with disabilities." (Doc. 1, ¶ 16); *see also* 42 U.S.C. § 12188(a)(2). Ms. Pearson also asserts that she is entitled to costs and attorney's fees. (Doc. 1, ¶ 15).

Ms. Pearson served Bison's with a copy of the summons and complaint on December 12, 2016. (Doc. 7).[1] Bison's has not responded to the complaint or contested the Clerk's entry of default. Ms. Pearson filed a motion for default judgment on May 11, 2017. (Doc. 12). In support of her motion, Ms. Pearson submitted her own affidavit, as well as an affidavit and report by Gilbert Mobley, a retired architect and ADA consultant who evaluated the Bison's restaurant on Madison Boulevard for compliance with the ADA. (Docs. 12-1, 12-2, 12-4; *see also* Doc. 12, ¶ 3).

## III. DISCUSSION

### A. Subject Matter Jurisdiction

The Court has federal subject matter jurisdiction in this case under 28 U.S.C. § 1331. In her complaint, Ms. Pearson alleges that Bison's violated the ADA by failing to make its restaurant accessible to disabled persons. (Doc. 1, pp. 3–5). Because a federal question is presented on the face of the plaintiff's complaint, this Court has subject matter jurisdiction. *See, e.g.*, *Kemp v. Int'l Bus. Machines Corp.*, 109 F.3d 708, 712 (11th Cir. 1997).

### B. Personal Jurisdiction

A default judgment is valid only when the Court has personal jurisdiction over the defendant. *Rash v. Rash*, 173 F.3d 1376, 1381 (11th Cir. 1999); *see also Sys. Pipe*

---

[1] Ms. Pearson attempted to serve Bison's at the address listed with the Alabama Secretary of State for the company's registered agent for service, but the premises appeared vacant. (Doc. 5). Ms. Pearson ultimately served Bison's through the company's registered agent Donald C. Mundy at 3605 Afton Brae Drive, Anniston, Alabama 36207, Mr. Mundy's home address. (Doc. 7, pp. 1–2).

*& Supply, Inc. v. M/V Viktor Kurnatovskiy*, 242 F.3d 322, 324 (5th Cir. 2001) ("When entry of default is sought against a party who has failed to plead or otherwise defend, the district court has an affirmative duty to look into its jurisdiction over both the subject matter and the parties.") (alteration omitted). The complaint alleges that Bison's is licensed to do business in Alabama. (Doc. 1, ¶ 4). The Bison's location that gave rise to this lawsuit is located in Madison, Alabama. (Doc. 1, ¶ 4; *see also* Doc. 12-4). Bison's was served in Alabama and has not provided evidence to contest the Court's jurisdiction. (Doc. 7). The Court finds the pleadings sufficient to allow the Court to exercise personal jurisdiction over Bison's.

### C.     Statutory Violations and Liability

The ADA provides that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C § 12182(a). An entity discriminates when it "fail[s] to remove architectural barriers . . . in existing facilities . . . where such removal is readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv).

A plaintiff injured by a violation of § 12182(b)(2)(A)(iv) may seek injunctive relief in the form of "an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by [the

ADA]." 42 U.S.C § 12188(a)(2). In its discretion, the Court may award the prevailing party reasonable attorney's fees, expenses, and costs. 42 U.S.C. § 12205.

Ms. Pearson alleges that Bison's is a place of public accommodation under the ADA. (Doc. 1, ¶ 7); *see also* 42 U.S.C. § 12181(7)(B). Ms. Pearson alleges that Bison's violated § 12182(b)(2)(A)(iv) by, among other things, failing to install a functional ramp to the entrance of the restaurant, failing to install adequate mirrors and soap dispensers in the bathroom, and failing to provide adequate parking for disabled individuals, even though these measures were readily achievable. (Doc. 1, pp. 8–9, 11–13). Ms. Pearson provided an affidavit and expert report by retired architect and ADA consultant Gilbert Mobley, who visited Bison's and found "numerous barriers to access for individuals with disabilities." (Doc. 12-2, p. 3). Mr. Mobley also determined that the barriers could be easily removed. (*See* Doc. 12-2, pp. 3–5).

Bison's has not contested Ms. Pearson's complaint or the evidence that Ms. Pearson submitted in support of her motion for default judgment. The Court finds that Ms. Pearson has "state[d] a substantive cause of action [and that] a sufficient basis exists in the pleadings for the relief sought." *Cotton*, 402 F.3d at 1278.

## IV. CONCLUSION

Accordingly, the Court **GRANTS** Ms. Pearson's motion for default judgment and **ORDERS** Bison's to take the necessary steps to make its restaurant located at 8020 Madison Boulevard in Madison, Alabama readily accessible to and usable by

individuals with disabilities to the extent required by the ADA. *See* 42 U.S.C § 12188(a)(2). The Court **SETS** the issue of attorney's fees for a status conference on **June 12, 2017 at 11:00 a.m.** in chambers of the undersigned, Room 786, Hugo L. Black United States Courthouse, 1729 5th Ave. N., Birmingham, AL 35203.

The Court asks the Clerk to please mail a copy of this order to the following addresses.

>Bison's of Alabama, Inc.
>C/O Donald C. Mundy
>1040 W. Hamric Drive
>Oxford, AL 36203
>
>Bison's of Alabama, Inc.
>C/O Donald C. Mundy
>20 Town Creek Lane
>Talladega, AL 35160
>
>Bison's of Alabama, Inc.
>C/O Donald C. Mundy
>3605 Afton Brae Drive
>Anniston, AL 36207

**DONE** and **ORDERED** this June 2, 2017.

_____
**MADELINE HUGHES HAIKALA**
UNITED STATES DISTRICT JUDGE